IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | Cr. No. 8:08-928-HMH |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Justin Clifford Gamble, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Justin Clifford Gamble's ("Gamble") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Gamble alleges, among other things, that his attorney, Lora Collins ("Collins"), was constitutionally ineffective because "Collins never discussed right of appeal or appellate grounds with Movant. Movant's mother found out later about right of appeal, but it was too late." (Gamble § 2255 Mot. 5.)

> When a client does not specifically instruct counsel to appeal, . . . whether counsel has been ineffective by failing to appeal depends upon whether counsel in fact consulted with the defendant about an appeal . . . . If counsel has not consulted with his client, the court must then ask whether the failure to consult itself constitutes deficient performance. The Sixth Amendment requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (internal quotation marks omitted). Although there is no per se rule that "defense counsel who fails to consult with the defendant concerning an appeal is ineffective," the United States Supreme Court in Roe v. Flores-Ortega, 528 U.S. 470, 481 (2000), stated that it "expect[ed] that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the

1

vast majority of cases, that counsel had a duty to consult with the defendant about an appeal."
Id. After review of the record and the claims raised in the instant § 2255 motion, the court hereby vacates Gamble's sentence and immediately reinstates and reimposes Gamble's judgment of conviction. The remainder of Gamble's claims are dismissed without prejudice. United States v. Killian, No. 01-7471, 2001 WL 1635590, at *1 (4th Cir. Dec. 20, 2001) (unpublished).

It is therefore

**ORDERED** that Gamble's § 2255 motion is dismissed with leave to refile, his sentence is vacated, and his judgment of conviction is immediately reimposed and reinstated with the date of imposition of judgment being the filing date of this order. It is further

**ORDERED** that the remaining claims raised in Gamble's motion are dismissed without prejudice.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 21, 2010


### NOTICE OF RIGHT TO APPEAL REIMPOSED JUDGMENT OF CONVICTION

The Movant is hereby notified that he has **TEN (10)** days from the filing date of this order in which to file a notice of intent to appeal his judgment of conviction, pursuant to Rules 3

and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline will waive the right to appeal.

The notice immediately below relates only to Movant's right to appeal this order and should not be confused with the ten-day period in which to file a notice of intent to appeal the judgment of conviction.

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal <u>this order</u> within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.