IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 8:08-928-HMH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Justin Clifford Gamble, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Justin Clifford Gamble's ("Gamble") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the court dismisses Gamble's § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 2009, Gamble pled guilty to one count of possession with intent to distribute a detectable amount of methamphetamine and one count of possessing a firearm in furtherance of a drug trafficking crime. Gamble was sentenced to one hundred six months' imprisonment on August 17, 2009. Gamble filed a 28 U.S.C. § 2255 motion on September 13, 2010, alleging in part that his counsel was ineffective for failing to file an appeal. The court reinstated Gamble's sentence on September 21, 2010, to allow him to notice an appeal and dismissed without prejudice the remaining claims alleged in his § 2255 motion. Gamble appealed and the Fourth Circuit affirmed the court's judgment on May 2, 2011. United States v. Gamble, No. 10-5047, 2011 WL 1637125, at *3 (4th Cir. May 2, 2011) (unpublished). Gamble

1

filed the instant § 2255 motion on July 21, 2012,[1] alleging various claims of ineffective assistance of counsel.

## II. Discussion of the Law

### A. Ineffective Assistance of Counsel

To successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Gamble must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, one must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because Gamble tendered a guilty plea, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

#### 1. Failure to Object to Drug Weight

Gamble alleges that his counsel was constitutionally ineffective for failing to object to the drug weight. The amount of drugs attributed to Gamble was increased because the money seized during his arrest ($1,839.00) was converted into its drug equivalent and added to the actual drug weight. (Gamble Mem. Supp. § 2255 Mot. 7.) Gamble alleges that $1,300.00 of the money was legitimate funds that he had obtained from his father to retain legal counsel to assist him in this action. (Id.) In addition, Gamble alleges that he informed his counsel of this fact

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

2

and she refused to lodge the objection at sentencing. (Id.) Gamble has provided an affidavit from his father stating that he sold two of his best hunting dogs to obtain the money, which he provided to Gamble for legal counsel. (Id. at 13-14 & Ex. D (Affidavit, generally).)

The Presentence Investigation Report ("PSR") provides that Gamble sold methamphetamine to a confidential informant on June 26, 2006 and July 3, 2006. (PSR ¶¶ 8-9.) Further, the PSR states as follows:

> On October 30, 2007, the CI called Gamble to confirm they were to meet at a Wal-Mart and the CI was to buy a quarter-ounce of methamphetamine for $500.00, but there was no answer. PCSO and officers with the Easley Police Department (EPD), Easley, South Carolina, followed the CI to the Wal-Mart located in Easley. Gamble arrived in the parking lot driving a blue 1995 Ford Explorer that was registered to him. Gamble parked next to the CI's vehicle. The CI exited his vehicle and stood at Gamble's front door where methamphetamine and money was exchanged. Approximately a quarter-ounce of methamphetamine was purchased for $500.00. A drug analysis report confirmed the methamphetamine weighed 6.89 grams. Agents from PCSO and EPD arrested Gamble at the scene and placed him into custody. Agents then searched Gamble's vehicle where a bag containing a white-crystal like substance was found along with a Smith and Wesson, Model 457, .45 caliber semi-automatic pistol, serial number VDM3183, and eight rounds of ammunition. Additionally, a glass smoking pipe with residue, a metal measuring spoon with residue, a clear plastic bowl with a lid containing a white-crystal substance and $1,839.00 in United States currency was found inside the defendant's vehicle. A drug analysis report confirmed the bag contained 35.33 grams of methamphetamine. The pipe and spoon tested positive for methamphetamine but no weight was established. In regards to the $1,839.00 in currency found in the defendant's vehicle, $500.00 was attributed to the drug transaction. Therefore, $1,339.00 can be converted to methamphetamine. Based on the investigation, the defendant was selling methamphetamine for $500.00 per quarter ounce. By dividing $1,339.00 by $500.00, the defendant has sold 2.678 quarter ounces of methamphetamine. One ounce is equal to 28.35 grams and one quarter ounce is 7.08 grams. By multiplying 2.678 quarter ounces sold by 7.08 grams, the result is 18.96 grams of methamphetamine.
> In adding .63 grams of methamphetamine, .33 grams of methamphetamine, 6.89 grams of methamphetamine, 35.33 grams of methamphetamine and 18.96 grams of methamphetamine, the total is 62.14 grams of methamphetamine. Pursuant to U.S.S.G. § 2D1.1(c)(7), 62.14 grams of methamphetamine establishes a base offense level of 26.

(Id. ¶¶ 10-11.) Gamble contends that his base offense level would have been 24 if the money converted to drug weight had not been included in the drug calculations. At his sentencing hearing, Gamble stated that he had enough time to review the PSR and had thoroughly reviewed it with his attorney and that he did not have any objections to anything in the PSR. (Sentencing Tr. at 2-3.) In addition, Gamble was asked whether he had "any complaints of [his] attorney or anyone else in connection with this case," and Gamble answered, "No, sir." (Id. at 2.) Gamble never raised any concern regarding the drug weight. Moreover, Gamble represented to the court that he had no objections and was satisfied with his attorney.

Gamble's representations to the court at sentencing are in stark contrast to the allegation in his § 2255 motion, that counsel refused to lodge an objection and further that counsel stated "[i]f you bring the money issue up, I'm through and you're on your own. It will only get worse from here." (Gamble Mem. Supp. § 2255 Mot. at 8.) The court finds that Gamble's position is untenable in the face of his representations to the court that he had no objections to the PSR, that he was satisfied with counsel's representation, and that he had thoroughly reviewed the PSR. Gamble has failed to show that counsel was constitutionally ineffective for failing to object to the drug weight calculations.

### 2. 18 U.S.C. § 924(c) – 60-Month Consecutive Sentence

Gamble alleges that his counsel was constitutionally ineffective for misleading and deceiving Gamble to "enter into a Plea that imposed on Petitioner a far more serious charge than was merited by the facts and evidence." (Id. at 15.) Gamble submits that his counsel failed to advise him that a § 924(c)(1) violation carried a "mandatory consecutive minimum sentence of 60 months." (Id.) As the Fourth Circuit noted on appeal,

4

> While under oath, Gamble stated that his guilty plea was not the product of threats, force, or coercion. Although Gamble asserts that he did not understand his guilty plea would result in a five-year consecutive sentence for Count Four, the district [court] specifically advised him of this fact. We therefore conclude that Gamble's allegation that his attorney coerced him into pleading guilty is incredible in the face of the record. The totality of the circumstances establishes that his guilty plea was knowingly and voluntarily entered.

Gamble, 2011 WL 1637125, at *1.

> [I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated-permit[ting] quick disposition of baseless collateral attacks[.]

United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (internal quotation marks omitted). At the guilty plea hearing, with respect to the gun charge, the following exchange occurred:

> THE COURT: The statute provides for a minimum 23 sentence of five years consecutive to any other sentence 24 you may receive, a maximum term of life, maximum fine of $250,000, supervised release of three years and a special assessment of $100. Do you understand that?
> MR. GAMBLE: Yes, sir.

(Guilty Plea Tr. 9-10.) Further, Gamble cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Based on the foregoing, in light of Gamble's statements made under oath, there is no evidence to support Gamble's allegation that he was deceived into pleading guilty. Thus, the court finds that Gamble's ineffective assistance of counsel claim on this basis is without merit.

### 3. Alleged Errors of Counsel

In addition, Gamble submits that his counsel was constitutionally ineffective (1) because she was unfamiliar with the guidelines, which is reflected in her errors related to the drug quantity weight resulting in an increased offense level, (2) by not objecting to "[f]alse and inaccurate inclusion of currency being drug-related," (3) in failing to advise Gamble that he faced a 60-month mandatory consecutive sentence on the § 924(c) charge, and (4) in failing to "subject [the] prosecution's case to a meaningful adversarial challenge" due to the cumulative effect of the errors. (Gamble Mem. Supp. § 2255 Mot. 17-20.) Further, Gamble argues that the "totality of counsel's cumulative errors constitutes an undeniable violation of [his] Sixth Amendment Right to Counsel." (Id. at 22.) As set forth above, the claim regarding the currency and the mandatory 60-month consecutive sentence are without merit and warrant no further consideration. Moreover, Gamble's counsel is a federal public defender who is extremely familiar with the United States Sentencing Commission Guidelines.[2] Based on the foregoing, Gamble's ineffective assistance of counsel claims based on alleged errors are baseless.

---

[2] Gamble submits that the court already found his counsel ineffective by vacating his judgment and immediately reinstating it to allow him to notice an appeal. The court notes that it did not find that counsel was ineffective for failing to file an appeal. Instead, without making any findings and out of an abundance of caution, reinstated his judgment to allow him to appeal.

It is therefore

**ORDERED** that Gamble's § 2255 motion, docket number 84, is dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Gamble has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 30, 2012

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.